IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYNE W., personally and on behalf of persons similarly situated; ZACHARY W., a minor, by and through his guardian and friend, WAYNE W., on behalf of other minors similarly situated; and ISLAND VIEW RESIDENTIAL TREATMENT CENTER, L.L.C., in its own right and on behalf of similarly situated entities, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| Plaintiffs, | |
| vs. | |
| BLUE CROSS OF CALIFORNIA, | Case No. 1:07-CV-00035 PGC |
| Defendant. | |

Now before the court — and pursuant to Federal Rule of Civil Procedure 12(c) — is defendant Blue Cross of California's motion for judgment on the pleadings [#20]. The court, having carefully reviewed the motion and the parties' accompanying memoranda, hereby GRANTS Blue Cross's request for the following reasons. First, the court finds that the 100-day limitation on residential treatment found in Blue Cross's health care service plan constitutes an enforceable provision under an arbitrary and capricious standard of review — a standard of review to which the doctrine of *contra proferentem* does not apply. And second, even assuming

for the sake of argument that the California parity statute at issue is saved from ERISA preemption, the court finds that the state statute does not, on its face, require Blue Cross to provide benefits for stays at a residential treatment center on par with other medical benefits.

## BACKGROUND

Plaintiff Zachary W. is a minor who — as a dependent of his father, Wayne W. — qualified as a beneficiary in a welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan, administered by Blue Cross, provides medical and mental health treatment benefits according to its terms and conditions, provided that such treatment is "Medically Necessary" as defined therein. Although coverage and benefits for mental health treatment is generally more limited than those for medical treatment under the Plan, benefits for treatment of a Seriously Emotionally Disturbed ("SED") child constitute an exception and are treated the same as medical treatment benefits. This distinction means, for example, that the Plan offers a benefit for treatment of a SED child at a residential treatment center on par with a benefit for medical treatment at a skilled nursing facility.

Plaintiff Island View Residential Treatment Center, L.L.C. ("Island View") is a Utah residential treatment center that provides inpatient care for adolescents suffering from various mental, emotional, or nervous disorders. In 2004, Zachary W. — who has a history of severe attention deficit hyperactivity disorder, mood disorder, substance abuse, and high-risk behaviors — gained admittance to Island View in light of his persistent violation of rules and his physically aggressive and verbally abusive behavior at home. He ultimately stayed there from September

-2-

29, 2004 through October 5, 2005 — a total of 371 days (94 days in 2004 and 277 days in 2005).

Although Blue Cross paid the contracted benefit for the 94 approved days in 2004 and for 100 of the 277 approved days in 2005, Blue Cross denied benefits for Zachary W.'s stay beyond 100 days in 2005 based on language in the Plan which provides that benefits at a "Skilled Nursing Facility" are "limited to 100 days per Year,"[1] and then defines in another section the term "Skilled Nursing Facility," in relevant part, as follows:

> For the purposes of . . . Serious Emotional Disturbances of a child, a Skilled Nursing Facility will also include a residential treatment center which is an inpatient treatment facility where the Member resides in a modified community environment and follows a comprehensive medical treatment regime for treatment and rehabilitation as a result of a Mental Disorder or Substance Abuse.[2]

After Plaintiffs appealed and Blue Cross affirmed its denial of the benefits beyond 100 days, Plaintiffs filed this action on Zachary W.'s and Island View's behalf — and as a potential class action — seeking declaratory judgment, injunctive relief, and past benefits denied by Blue Cross as a result of the Plan's 100-day limitation.

In so doing, Plaintiffs argue that Blue Cross's application of the limitation on treatment at Island View violates California law, ERISA, and the Plan.[3]  In the alternative, they claim that the Plan does not provide "fair or clear notice that treatment at a residential treatment center is limited to the 100-day skilled nursing facility benefit," and that, therefore, the limitation is

---

[1] Def.'s Mem. Supp. Mot. J. Pleadings, Attach. No. 4 at BCC0117 (Docket No. 21, Ex. A).

[2] *Id.*

[3] Pls.' Compl. ¶ 66 (Docket No. 2).

unenforceable.[4]  Blue Cross, on the other hand, asserts that the Plan's 100-day limitation — even

if ambiguous — is enforceable under the applicable standard of review; that ERISA preempts the

California law; and that, in any event, the California statute on its face does not require Blue

Cross to provide benefits for stays at a residential treatment center on par with other medical

benefits.

## DISCUSSION

*(A)  The Plan's 100-Day Limitation On Residential Treatment Is Enforceable*

Plaintiffs first argue that, because the limitation on residential treatment appears only in

the definition of an assertedly unrelated term — "Skilled Nursing Facility" — the limitation is

not clear or conspicuous enough to provide fair notice to a reasonable beneficiary.  Therefore,

they claim, the court should employ *contra proferentem* and construe the ambiguity against the

Blue Cross as the drafter.

In so doing, however, Plaintiffs misapply the relevant law by analyzing the Plan's

language under a de novo standard of review[5] rather than an arbitrary and capricious standard of

review.  Indeed, in *Firestone Tire & Rubber Co. v. Bruch*, the United States Supreme Court

announced the appropriate standard of judicial review of benefit determinations under ERISA: "a

denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard

*unless the benefit plan gives the administrator or fiduciary discretionary authority to determine*

---

[4] *Id.* at ¶ 67.

[5] *See* Pls.' Mem. Opp'n Mot. J. Pleadings 2 (Docket No. 24) (citing Tenth Circuit
authority for the proposition that "the long-established principle of construing ambiguities
against the drafter is applicable in *de novo* ERISA cases as part of the federal common law").

*eligibility for benefits or to construe the terms of the plan.*"[6]  Plaintiffs, however, ignore the

language of the exception to the rule and thereby fail to address the fact that the Plan explicitly

grants Blue Cross such discretionary authority.

Specifically, the Plan states:

The benefits of this Combined Evidence of Coverage and Disclosure Form are provided only for those services that *Blue Cross determines* are Medically Necessary and a Covered Service.[7]

As a result of this discretion, it is clear that the court must review Blue Cross's actions under an

arbitrary and capricious standard — not a de novo standard.

Under the correct standard, moreover, it is also clear that the doctrine of *contra*

*proferentem* does not apply.  In *Kimber v. Thiokol Corporation*, the plaintiff similarly argued that

"given the nature of the plan language the doctrine of contra proferentem requires this court to

resolve all ambiguities against [the defendant] as the drafter of the Plan."[8]  In rejecting his

contention, however, the Tenth Circuit held that "when a plan administrator has discretion to

interpret the plan and the standard of review is arbitrary and capricious, the doctrine of *contra*

*proferentem* is inapplicable."[9]  In so doing, the Circuit adopted the reasoning of the Seventh

Circuit as follows:

Courts invoke [*contra proferentem*] when they have the authority to construe the terms of a plan, but this authority arises only when the administrators of the plan lack

---

[6] 489 U.S. 101, 115 (1989) (emphasis added).

[7] Def.'s Mem. Supp. Mot. J. Pleadings, Attach. No. 1 at BCC0012 (Docket No. 21, Ex. A) (emphasis added).

[8] 196 F.3d 1092, 1100 (10th Cir. 1999).

[9] *Id.*

the discretion to construe it themselves.  Therefore, it is only used when courts undertake a de novo review of plan interpretations.  When the administrators of a plan have discretionary authority to construe the plan, they have the discretion to determine the intended meaning of the plan's terms.  In making a deferential review of such determinations, courts have no occasion to employ the rule of contra proferentem.  Deferential review does not involve a construction of the terms of the plan; it involves a more abstract inquiry — the construction of someone else's construction.  Because this case engages us in this more abstract exercise, we will not apply the rule.[10]

And just recently, the Tenth Circuit reaffirmed its holding in *Miller v. Monumental Life Insurance Company*, noting that "[w]e have rejected *contra proferentem* in cases where the plan administrator retains discretion and where we review only to consider whether the administrator abused discretion."[11]

Accordingly, absent the doctrine of *contra proferentem*, "[w]hen reviewing under the arbitrary and capricious standard, '[t]he Administrator['s] decision need not be the only logical one nor even the best one.'"[12]  Rather, "the decision will be upheld unless it is 'not grounded on *any* reasonable basis.'"[13]  Applying these principles here, the court cannot say that Blue Cross's application of the limitation on treatment at Island View is devoid of any reasonable basis. Although the placement of the limitation in the Plan could be more straightforward, residential treatment centers and skilled nursing facilities nonetheless share substantial similarities in that both constitute inpatient facilities that provide a modified level of care over generally extended

---

[10] *Id.* (citing *Morton v. Smith*, 91 F.3d 867, 871 n.1 (7th Cir. 1996) (citations omitted)).

[11] No. 05-2247, 2007 WL 2774252, at *7 (10th Cir. Sept. 25, 2007) (citing *Kimber*, 196 F.3d at 1100)).

[12] *Kimber*, 196 F.3d at 1098 (quoting *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1460 (10th Cir. 1991)).

[13] *Kimber*, 196 F.3d at 1098 (quoting *Woolsey*, 934 F.2d at 1460 (citation omitted)).

periods of time.  In addition, the *Kimber* court expressly ruled that "[a]llowing a beneficiary's expectations to dominate an administrator's interpretation would obliterate the discretionary review required by *Firestone*."[14]

The court, therefore, finds that the Plan's 100-day limitation on care at a residential treatment center constitutes a valid, enforceable restriction.

*(B)  The California Statute Does Not Require Blue Cross to Provide Benefits at a Residential Treatment Center On Par With Other Medical Benefits*

Even assuming for the sake of argument that the California parity statute at issue is saved from ERISA preemption,[15] the court finds that the state statute does not, on its face, require Blue Cross to provide benefits for stays at a residential treatment center on the same basis as other medical benefits.

California Health and Safety Code § 1374.72 states, in pertinent part:

(a)     Every health care service plan contract issued, amended, or renewed on or after July 1, 2000, that provides hospital, medical, or surgical coverage shall provide coverage for the diagnosis and medically necessary treatment of severe mental illnesses of a person of any age, and of serious emotional disturbances of a child, as specified in subdivisions (d) and (e), under the same terms and conditions applied to other medical conditions as specified in subdivision (c).

---

[14] 196 F.3d at 1101.

[15] The court notes that, between the 1977 ruling, *Hewlett-Packard Co. v. Barnes*, 425 F. Supp. 1294 (N.D. Ca. 1977), cited by Blue Cross and the intervening Supreme Court precedent cited by Plaintiffs, the issue of whether Cal. Health & Safety Code § 1374.72 is preempted by ERISA involves an unsettled, complex area of law.  However, because the court finds in any event that the California statute does not require coverage for residential treatment equivalent to that for other medical benefits, the court does not address the preemption question here.

      (b)     These benefits *shall include* the following:

           1.       Outpatient services.
           2.       Inpatient hospital services.
           3.       Partial hospital services.
           4.       Prescription drugs, if the plan contract includes coverage for prescription drugs.

      (c)     The terms and conditions applied to the benefits required by this section, that shall be applied equally to all benefits under the plan contract, *shall include, but not be limited to*, the following:

           1.       Maximum lifetime benefits.
           2.       Copayments.
           3.       Individual and family deductibles.[16]

Distinguishing between the introductory language of part (b) — "these benefits *shall include*" — and that of part (c) — "*shall include, but not be limited to* — Blue Cross reads the latter phrase to suggest that part (c) is not an exhaustive but merely an illustrative list of benefits. Accordingly, Blue Cross contends, the absence of "but not limited to" in part (b) can only signify that the four specifically listed benefits are the only ones required by the law to be provided on par with other medical benefits.

The court agrees.  First, interpreting part (b) as a limiting term comports with general rules of statutory construction by giving effect to the specific language of the statute and by avoiding a reading of the phrase "but not be limited to" in part (c) as superfluous.[17]  Second, and most important, a contrary interpretation would squarely conflict with the interpretation that the

---

[16] Cal. Health & Safety Code § 1374.72 (emphasis added).

[17] *See Bridger Coal Co./Pac. Minerals, Inc. v. Dir., Office of Workers' Comp. Programs*, 927 F.2d 1150, 1153 (10th Cir. 1991) ("We will not construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous." (citations omitted)).

the Department of Managed Health Care ("DMHC" and the agency charged with monitoring health plans' compliance with Health and Safety Code § 1374.72) has itself adopted, as well as that commonly held by other health plan providers.  Indeed, as detailed in a report prepared by DMHC in March 2005[18] — which studied seven plans accounting for "approximately 85 percent (16 million consumers) of California's commercial managed care population"[19] — the agency found that "[t]he coverage and use of RTCs [residential treatment centers] vary markedly among plans, ranging from almost no coverage, to coverage equivalent to that for skilled nursing facilities."[20]  DMHC further found that "RTC coverage is dependent upon the benefit plan package that employers purchase for their employees,"[21] and that "[o]ne plan has made a *policy decision* that, under parity, RTC services are covered for all age groups and are comparable to skilled nursing home facility services, with the same benefit limit (100 days per calendar year) and co-payments."[22]

In light of this wide variance in coverage of residential treatment benefits, as well as DMHC's characterization of the very limitation on residential treatment at issue here as a "policy decision," the court adopts Blue Cross's interpretation as the most plausible reading of the statute.  Accordingly, the court finds that Health and Safety Code § 1374.72 does not require Blue Cross to provide benefits at a residential treatment center on the same basis as other medical

---

[18] *See* Def.'s Reply Resp. Mot. J. Pleadings, Attach No. 1 (Docket No. 29, Ex. A).

[19] *Id.* at 3.

[20] *Id.* at 42.

[21] *Id.* at 55.

[22] *Id.* at 56 (emphasis added).

benefits.

## CONCLUSION

In sum, the court finds that the 100-day limitation on residential treatment found in Blue Cross's health plan is enforceable under an arbitrary and capricious standard of judicial review because the doctrine of *contra proferentem* does not apply. In addition, even assuming that the California parity statute at issue survives ERISA preemption, the court finds that on its face the state statute does not require the provision of residential treatment benefits on the same basis as other medical benefits.

Accordingly, Blue Cross's motion for judgment on the pleadings [#20] is GRANTED. The Clerk's Office is directed to close the case.

DATED this 1st day of November, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge